UNITED STATES of America, Plaintiff–Appellee,

v.

Isrrael PARAMO–VILLASANA, a.k.a. Israel Villasana–Paramo, a.k.a. Isrrael Villasana–Paramo, Defendant–Appellant.

No. 13–10161.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.[*]

Filed May 21, 2014.

Heather Sechrist, Esquire, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter B. Keller, Esquire, Law Office of Peter B. Keller, Tucson, AZ, for Defendant–Appellant.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM [**]

Isrrael Paramo–Villasana appeals his jury-trial conviction and 46–month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Paramo–Villasana contends that the district court erred by denying his motion to suppress his identity, which he disclosed

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

during a traffic stop, because he had reason to believe that he was not free to leave during the stop. We review the denial of a motion to suppress de novo. *See United States v. Del Toro Gudino*, 376 F.3d 997, 998 (9th Cir.2004). We decline to reach the issue of whether Paramo–Villasana's encounter with law enforcement violated the Fourth Amendment because, even assuming a violation, Paramo–Villasana's identity cannot be suppressed. *See id.* at 1000–01.

Paramo–Villasana also contends that his sentence is substantively unreasonable. We review for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and find none. The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Paramo–Villasana's criminal history. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.